IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TAYLOR S. LANGENDORF, | ) | No. C 05-2892 JSW (PR) |
| | ) | |
| Petitioner, | ) | **ORDER DISMISSING** |
| | ) | **PETITION WITH LEAVE** |
| vs. | ) | **TO AMEND AND** |
| | ) | **GRANTING REQUEST TO** |
| RICHARD KIRKLAND, Warden, | ) | **PROCEED IN FORMA** |
| | ) | **PAUPERIS** |
| Respondent. | ) | |
| | ) | (Docket no. 2) |

### INTRODUCTION

Petitioner, a prisoner of the State of California currently incarcerated at Pelican Bay State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 and seeks leave to proceed in forma pauperis. This order grants the request to proceed in forma pauperis (docket no. 2). The petition is dismissed with leave to amend for failure to state a cognizable claim for federal habeas relief.

### STATEMENT OF FACTS

According to the petition, Petitioner was the subject of a disciplinary hearing at which the loss of 360 days of good time credits was assessed. Petitioner challenges the credit loss on the ground that he was denied due process because he revoked the postponement of his disciplinary hearing pursuant Title 15 of the California Code of Regulations, yet his hearing was held more than thirty days after the revocation as

required by Title 15.  Cal. Admin. Code tit.15, § 3316(c)(1)(A).

Petitioner sought state habeas relief, which was denied by the Del Norte County Superior Court, the Court of Appeal, and the California Supreme Court.

In the present petition, Petitioner alleges that his federal constitutional right to due process was violated by the failure to provide him with a timely disciplinary hearing which resulted in the loss of good time credits.  Petitioner has also filed with this Court a separate petition for writ of habeas corpus challenging his conviction (C05-1629 JSW (PR)).

**ANALYSIS**

I   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.  A pro se petition for a writ of habeas corpus must be liberally construed.  *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).

II   Legal Claims

When a prisoner challenges actions which affect the legality or duration of his custody and a determination of the action may result in entitlement to an earlier release, habeas corpus is the sole remedy.  *Young v. Kenny,* 907 F.2d 874, 876-78 (9th Cir. 1990).  Any deprivation of earned prison time credits therefore must be remedied by way of a petition for a writ of habeas corpus.  *Id.*

Prisoners retain their right to due process subject to the restrictions imposed by

2

the nature of the penal system. *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). While prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, the Due Process Clause does mandate certain minimum procedural protections where serious rules violations are alleged and the sanctions are severe. *Id.* at 556-57, 571-72 n.19. Under *Wolff,* a prisoner is entitled to the following: (1) written notice of the charges; (2) no less than twenty-four hours to prepare for his appearance before the disciplinary committee; (3) a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action; (4) to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (5) the aid of a fellow inmate or substitute aid from the staff where an illiterate prisoner is involved or the issues are complex. *Id.* at 564-570.

In the present petition, Petitioner challenges his loss of credit under state law, but fails to state a cognizable federal claim. Petitioner claims that he revoked the postponement of his disciplinary hearing on March 7, 2004, and that the hearing should have been held within thirty days of his revocation pursuant to section 3316(c)(1)(A) of Title 15. Petitioner alleges that his hearing was not held until May 21, 2004, about forty-five days after the allowable time under state law. However, failure to comply with Title 15, where the procedure is not mandated by *Wolff,* does not state a federal constitutional claim. The Due Process Clause only requires that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that prisons comply with its own, more generous procedures. *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994). *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "[I]f state procedures rise above the floor set by the due process clause, a state could fail to follow its own procedures yet still provide sufficient process to survive constitutional scrutiny." *Rogers v. Okin*, 738 F.2d 1, 8 (1st Cir. 1984); *accord Bostic v. Carlson*, 884 F.2d 1267,

1270 (9th Cir. 1989) (prison's failure to meet its own guideline where hearing was held eight days after incident was reported would not alone constitute denial of due process). A prisoner's right to due process is violated "only if he was not provided with process sufficient to meet the *Wolff* standard." *Walker v. Sumner*, 14 F.3d at 1420.

Petitioner's petition must be dismissed for failure to state a cognizable claim for federal habeas relief. He will be given leave to amend to cure this defect.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (docket no. 2) is GRANTED.

2. This action is dismissed with leave to file an amended petition within **thirty (30) days** of the date of this order in which Petitioner presents only claims for violations of his rights under the laws, treaties, or Constitution of the United States. Petitioner must notify the Court in his petition whether each such claim has been presented to the California Supreme Court. The amended petition must contain the caption and civil case number used in this order and the words AMENDED PETITION on the first page. Because an amended petition completely replaces the original, Petitioner must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 113 S. Ct. 321 (1992). Petitioner may not incorporate material from the original petition by reference. **Failure to file an amended petition by the deadline as set forth above will result in dismissal of this action.**

3. It is Petitioner's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with any orders of the Court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule

1  41(b) applicable in habeas cases). The Clerk is directed to attach a copy of this Court's
2  habeas petition form with this order.
3      IT IS SO ORDERED.
4  DATED: November 21, 2005

*/s/ Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge

5