UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR S. LANGENDORF, | No. C 05-2892 JSW (PR) |
| Petitioner, | **ORDER OF DISMISSAL AND GRANTING MOTION TO REHEAR PETITION** |
| v. | |
| RICHARD KIRKLAND, Warden, | (Docket No. 6) |
| Respondent. | |

Petitioner, a prisoner of the State of California, currently incarcerated at Kern Valley State Prison located in Delano, California, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his prison disciplinary finding that resulted in a loss of credits. On November 21, 2005, this Court dismissed the petition with leave to amend, based on Petitioner's failure to state a federal claim for relief with regard to the alleged due process violation. On December 2, 2005, Petitioner filed an amended petition alleging an equal protection violation in the same facts, that the disciplinary proceedings were not timely held after Petitioner revoked his prior postponement. Thereafter, Petitioner filed a motion in this Court seeking "rehearing" of his amended petition, which is now GRANTED (docket no. 6).

The amended petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. However, in the amended petition, Petitioner clearly states that he has not exhausted this claim in the California Supreme Court. Although Petitioner states that the instant claim, a equal protection claim, was not exhausted in the state courts, he states that it was not necessary to do so because the "substance" of the claim was presented, when Petitioner previously filed a

1

due process challenge in the state courts with regard to the same untimely disciplinary hearing claim.

## DISCUSSION

A.      Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.      Exhaustion

A prisoner in state custody who wishes to challenge either the fact or length of his confinement by filing a federal petition for writ of habeas corpus must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court.  *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court.  *See Picard v. Connor*, 404 U.S. 270, 277 (1971).

State courts must be alerted to the fact that prisoners are asserting claims under the United States Constitution in order to be given the opportunity to correct alleged violations of federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (characterizing *Picard* as requiring "reference to a specific federal constitutional guarantee" in state court; presentation of facts

2

1 underlying claim not sufficient); *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir.
2 2005) (general reference to federal Constitution "as a whole, without specifying an
3 applicable provision, or an underlying federal legal theory, does not suffice to exhaust the
4 federal claim."); *Castillo v. McFadden*, 399 F.3d 993, 1001-02 (9th Cir. 2005) (requiring
5 reference to "specific provision of the U.S. Constitution[.]")  Petitioner's presentation of a
6 due process claim to the California Supreme Court is not sufficient to exhaust an equal
7 protection claim based on the same untimely underlying disciplinary proceeding.

8     As Petitioner has not presented his sole claims to the highest state court, he has not
9 exhausted his state court remedies.  As such, the petition must be dismissed.  *See Rose v.*
10 *Lundy*, 455 U.S. 509, 510 (1982), *Raspberry v. Garcia*,  448 F.3d 1150, 1154 (9th Cir.
11 2006) (declining to extend the rule in *Rhines v. Webber,* 125 S. Ct. 1528, 1535 (2005) to
12 completely unexhausted petitions and finding that the district court must dismiss such a
13 petition based on *Jimenez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001)).

14     A dismissal solely for failure to exhaust is not a bar to Petitioner's returning to
15 federal court after exhausting available state remedies.  *See Trimble v. City of Santa Rosa*,
16 49 F.3d 583, 586 (9th Cir. 1995).  Accordingly, this petition is DISMISSED without
17 prejudice to Petitioner's filing a new federal habeas petition once he has exhausted state
18 remedies by presenting his claims to the highest state court.  The Clerk shall enter
19 judgment and close the file.

20     IT IS SO ORDERED.
21 DATED:September 18, 2007

                                          JEFFREY S. WHITE
                                          United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANGENDORF,<br><br>        Plaintiff,<br><br>  v.<br><br>KIRKLAND et al,<br><br>        Defendant.           / | Case Number: CV05-02892 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 18, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Taylor S. Langendorf
P74142
Kern Valley State Prison
P.O. Box 5103
Delano, CA 93216

Dated: September 18, 2007

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk